**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALVIN J. SCHROEDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants. | NO. 1:09-cv-02236-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR STAY<br>(Doc. 17)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR CHANGE OF VENUE<br>(Doc. 19) |

　　　On December 28, 2009, Plaintiff Alvin J. Schroeder, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On November 22, 2010, Plaintiff filed a motion to stay the current litigation or to extend time for all proceedings until June 23, 2011, since Plaintiff anticipates his release on March 23, 2011, and wishes to obtain counsel at that time. (Doc. 17). Plaintiff also seeks a change of venue to the Central District to prevent hardship from litigating the case from where in anticipates on moving after being released.  (Doc. 19).

　　　As to Plaintiff's request for a stay, the Court finds that Plaintiff's request is unnecessary since the defendants have not been served and there are no pending motions that Plaintiff would need to address.  Therefore, Plaintiff's request for stay is DENIED. (Doc. 17).  Regarding Plaintiff's request for change of venue, the federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in:

　　(1) a judicial district where any defendant resides, if all defendants reside in the same

state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). There is no authority for the proposition that a court can transfer a case to another district on the ground that it is more convenient for the plaintiff. The claims in this case arose in Fresno County. There are no allegations in Plaintiff's complaint that any of the defendants reside in Los Angeles County, or that any of the claims arose in Los Angeles County. That Plaintiff will reside in Los Angeles County after his release is not an adequate ground on which to transfer this action. Plaintiff's argument lacks merit. The federal venue statute referred to above clearly requires that venue lies where the events occurred or where defendants reside. Plaintiff's motion for a stay and for a change of venue is therefore DENIED.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a stay filed on November 22, 2010, is DENIED.
2. Plaintiff's motion for a change of venue filed on March 4, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   March 29, 2011                                                   
                                              UNITED STATES MAGISTRATE JUDGE