**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALVIN J. SCHROEDER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | NO. 1:09-cv-02236-AWI-GBC (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 18)<br><br>SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**I.   Procedural History**

On December 28, 2009, Plaintiff Alvin J. Schroeder, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On November 22, 2010, Plaintiff filed a first amended complaint which is currently before the Court.  Doc. 18.

**II.   Screening**

　　**A.   Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"'Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.'" *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir.2000). "'Additionally, in general, courts must construe pro se pleadings liberally.'" *Id.* A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### B. Plaintiff's Complaint

Plaintiff is suing under section 1983 for events which occurred while as a prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga California. Doc. 18. In his complaint, Plaintiff names the following defendants: 1) S. Lantz (Lieutenant at PVSP); 2) Spearman (Associate Warden at PVSP); 3) James A. Yates (Warden at PVSP); 4) G. Duran (Appeals Coordinator at PVSP); 5) G. Mendez (LVN at PVSP); 6) Griffin (RN at PVSP); 7) E. Brown (Physician's Assistant at PVSP); 8) G. Mills (Lieutenant at PVSP); and 9) K. Center (Sergeant at PVSP). Doc. 18 at 1-2. Plaintiff seeks injunctive relief to have his pain medications reinstated, monetary damages and for his CDC disciplinary action to be overturned. Doc. 18 at 8.

Plaintiff alleges that Defendant Brown "negligently and wrongfully accused Plaintiff of 'cheeking his medications,' and agreeing with other harassing nurses." Doc. 18 at 6. Plaintiff explains that after "complete searches of Plaintiff's mouth, body, clothing and cell searches, no medications were ever found, not even one single pill." Doc. 18 at 6. Following the searches, Defendant Brown discontinued all of Plaintiff's pain medications "in retaliation so that Staff Personnel would not have to worry about if the medications were swallowed or not." Doc. 18 at 6. Plaintiff alleges that Defendant Brown subjected Plaintiff to cruel and unusual punishment by "discontinuing Plaintiff's pain medications under an assumption that [Plaintiff] . . . might be cheeking his medications, and not swallowing them" which resulted in Plaintiff suffering pain. Doc. 18 at 6.

According to Plaintiff, Defendant Mills ordered Plaintiff to provide a urine sample to determine whether Plaintiff was taking his pain medications (morphine). Doc. 16 at 6. Plaintiff complied with the urine sample request and placed a seal on the sample, however, the results "failed to show up in the U.A. printout." Doc. 18 at 6. Plaintiff claims that the U.A. was tampered with or flawed and that Defendant Mills explained (in front of witnesses housed in Building #3) that all the tests were the result of Plaintiff writing a complaint about his nurse. Doc. 18 at 6.

Plaintiff alleges that on October 4, 2009, Defendant Center ordered Plaintiff to submit a urine test sample to determine if Plaintiff was lying about ingesting his medications. Once again after submitting a urine sample the test results were tampered with. Doc. 18 at 7.

Plaintiff alleges that during Plaintiff's CDC-115 hearing, Defendant Lantz refused to call LVN Mendez and Correctional Officer Bertagna as witnesses for the hearing. Doc. 18 at 4. According to Plaintiff, Defendant Spearman was apprehensive when he signed off a CDC-115 form because of the failure to call Mendez and Bertagna to testify. Doc. 18 at 4. Plaintiff asserts that Defendant Yates and Defendant Duran signed off on a CDC-602 appeal form knowing that Plaintiff's hearing rights were violated. Doc. 18 at 4-5. Plaintiff alleges that Defendant Mendez required Plaintiff to cough and remove his dentures so that his mouth could be checked to determine

3

whether he was concealing medications and Plaintiff complained about having "unhealthy fingers in [his] mouth." Doc. 18 at 5. According to Plaintiff, Defendant Griffin was Defendant Mendez's immediate supervisor and failed to stop Defendant Mendez from harassing Plaintiff after Plaintiff made many complaints. Doc. 18 at 5. As a result of Defendants' collective actions which resulting in Plaintiff being denied pain medication, Plaintiff has suffered needlessly with pain.

### III.   Legal Standard and Analysis

#### A.   Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his

defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. Additionally, "some evidence" must support the decision of the hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." *Id.* at 455-56 (emphasis added).

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of law." *Id.* Thus, as long as a prisoner receives proper procedural due process, a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim. *Id.*; *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accird Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability

5

under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

### 1.   Analysis

In this instance, Plaintiff fails to allege sufficient facts to demonstrate that he received an atypical and significant hardship because of the disciplinary hearing. Plaintiff has not demonstrated, for example, what discipline he received because he was found guilty, and how that discipline imposed an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. Although Plaintiff alleges that his pain medications were suspended as a result of the allegations of him "cheeking" the medications, Plaintiff does not clarify that the disciplinary action for the rules violation included suspension of pain medication. Moreover, concluding that pain relief was suspended as a means of disciplinary action would contradict Plaintiff's exhibits which demonstrated that the consequences for his rule violation would be a credit forfeiture of thirty days and a thirty day loss of various privileges.[1]   1 at 16, 22. Additionally, Plaintiff allegations that multiple Defendants made false statements fails to state a due process claim.

Plaintiff argues that Defendant Yates and Defendant Duran signed off on a CDC-602 appeal form knowing that Plaintiff's hearing rights were violated. Doc. 18 at 4-5. As stated above, actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Thus, Plaintiff fails and is unable to state a cognizable claim against Yates and Duran for the processing and/or reviewing of his 602 inmate appeals.

---

[1] The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

**B.     Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

A plaintiff can demonstrate that prison officials were deliberately indifferent to a prisoner's serious medical needs when officials delay or intentionally interfere with medical treatment. *Hallett v. Morgan*, 296 F.3d 732, 744-45 (9th Cir. 2002) (quoting *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir.1992)) (internal quotations omitted).  However, delay resulting from "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted).  Moreover, in order to state a deliberate indifference Eighth Amendment claim resulting from a delay in medical treatment, a plaintiff must demonstrate that the delay caused additional serious injury. *See Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988); *see also Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060).

To state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009);

*Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

**1.   Analysis**

Plaintiff alleges that Defendant Brown negligently accused Plaintiff of "cheeking his medications," and agreeing with other harassing nurses. Doc. 18 at 6. Plaintiff argues that even though two drug tests substantiated the staff suspicions and demonstrated that Plaintiff did not have any pain medications in his system, Defendant Brown discontinued all of Plaintiff's pain medications "in retaliation so that Staff Personnel would not have to worry about if the medications were swallowed or not." Doc. 18 at 6. Essentially, Plaintiff argues that Defendant Brown was deliberately indifferent to Plaintiff's pain by choosing to rely on drug screening tests to discontinue Plaintiff pain

8

medication although Plaintiff asserts that these tests were incorrect. At most, Plaintiff's contentions reflect a difference in opinion regarding treatment and does not demonstrate deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1060; *Franklin v. Oregon*, 662 F.2d 1337, 1344; *Sanchez v. Vild*, 891 F.2d 240, 242.   Plaintiff fails to allege any facts that demonstrate that the course of treatment the treating medical staff chose was medically unacceptable under the circumstance and that they chose this course in conscious disregard of an excessive risk to Plaintiff's health.

### C. Relief Requested

Plaintiff requests injunctive relief in the form of reinstating his pain medication. "'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1985). Since Plaintiff has been paroled and is no longer in the custody of Pleasant Valley State Prison, the Court cannot grant the injunctive remedy that Plaintiff requests. *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

To the extent that Plaintiff is seeking reversal of his rules violation and for restoration of good time credits, the Court cannot grant such relief since his parole makes the availability of such remedies moot. *See Nonnette v. Small*, 316 F.3d 872, 875-76 (9th Cir. 2002) (explaining that normally restoration of good time credits and reversal of a disciplinary sanction could not be brought as a § 1983 claim, but rather it should be filed as a habeas petition. However, when a prisoner is paroled, any habeas petition filed "would present no case or controversy because establishing the invalidity of his disciplinary proceeding could have no effect on the . . . additional incarceration . . . . Nor could such relief have any effect on the term of his parole.").

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section

1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed November 22, 2010, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 8, 2011

UNITED STATES MAGISTRATE JUDGE